# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO, et al.,<br><br>Defendants. | Case No. 1:21-cv-00648-AWI-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Prince Paul Raymond Williams ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on April 19, 2021.

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)

1 (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against the County of Fresno and Judge Amy Guerra on the basis of federal question and diversity of citizenship. (Compl. 2, 3,[1] ECF No. 1.) Plaintiff contends that the defendants falsely accused him of kidnapping his minor child and relocated the child out of the state . (Id. at 4.) The child's mother provided the court with false address

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

information. (Id.) Defendant Guerra and Ms. Browns, court appointed counsel for the child, do not know the child's address. (Id.) The child's mother made verbal threats of harm against Plaintiff in the presence of the child. (Id.) Plaintiff is seeking monetary damages. (Id.)

On February 4, 2019, Judge Tharpe granted Plaintiff sole legal and physical custody of his minor child, Khiren Williams. (Id. at ¶ 8.) On September 17, 2020, Defendant Guerra granted the child's mother sole legal and physical custody. (Id. at ¶ 9.) The custody ordered provided that "the child shall reside with the father as mutually agreed upon between the parties" and "Neither parent shall remove the child from the State of California, County of Fresno for the purpose of changing the child's residence." (Id.) Defendant Guerra knew that the residency of Khiren's mother was Las Vegas, Nevada. (Id.)

On October 2, 2020, Defendant Guerra ordered that Plaintiff could have supervised visits in Las Vegas, Nevada. (Id. at ¶ 10.) The order provided that Plaintiff would be responsible for 100% of the cost of visitation. (Id.)

On October 26, 2020, Plaintiff and the mother were ordered to report to the family court on November 16, 2020 at 8:25 a.m. (Id. at ¶ 11.) On November 16, 2020, Defendant Guerra appointed Cheryl Browns as counsel for Khiren. (Id. at ¶ 13.) The court ordered that the parents would have joint legal custody with the father having sole physical custody and the mother's contact with Khiren was limited to participating in supervised visits unless otherwise agreed upon by the parents. (Id. at ¶ 12.) In November 2020, Plaintiff informed Browns that he did not want her to represent Khiren. (Id. at ¶ 14.)

On December 4, 2020, the court ordered sole and physical custody to the mother with no visitation to Plaintiff claiming a risk of abduction pursuant to FCS 3048(b)(1). (Id. at ¶ 15.) Defendant Guerra ordered that Plaintiff could not remove Khiren from the county, state, or country. (Id.)

In February 2021, Ms. Browns coordinated Zoom meetings between Plaintiff and Khiren. (Id. at ¶ 16.) In March of 2021, Ms. Browns coordinated a spring break visit between Plaintiff and Khiren. (Id. at ¶ 17.) On March 30, 2021, Plaintiff and Khiren met with Ms. Browns at her office for the purpose of Ms. Browns personally meeting Khiren and to discuss custody and

visitation, including spring break and summer break child exchanges between the parents. (Id. at ¶ 18.) Ms. Browns spoke with Khiren, acknowledging Khiren's desire to return to Plaintiff's home permanently. (Id.) Ms. Browns emphasized to Plaintiff the need to respect the court's authority. (Id.)

Ms. Browns made the following recommendations. At the conclusion of spring break, Plaintiff would travel to Las Vegas to return Khiren to his mother. (Id. at ¶ 19.) At the start of summer, Khiren would return to Plaintiff for a period of three to four weeks, return to the mother for three to four weeks, and then return to Plaintiff for the remainder of summer break. (Id.) Ms. Browns explained to Plaintiff that the exchanges were a test of the parties ability to exchange Khiren in a manner in the child's best interest. (Id.) Ms. Browns informed Plaintiff that she would recommend giving custody to Plaintiff as it was Khiren's wish. (Id.) Plaintiff agreed with the recommendations. (Id. at ¶ 20.)

On April 4, 2021, Plaintiff traveled to Las Vegas to return Khiren to his mother. (Id. at ¶ 21.) Plaintiff notified the mother by email of the estimated arrival time but she did not respond. (Id. at ¶ 22.) When they arrived in Las Vegas, Plaintiff intended to return Khiren to the address on file with the court, but Khiren informed him that they actually lived at a different location. (Id. at ¶ 23.) Plaintiff took Khiren to the address he provided. (Id. at ¶ 24.)

When they went to the door of the apartment, Khiren's mother expressed anger and frustration and grabbed Khiren by the arm telling him to come inside. (Id. at ¶¶ 25, 26.) Plaintiff attempted to give Khiren his belongings and say his goodbyes, but the mother grabbed Khiren telling him to come inside and called out for the cohabitant of the apartment to get up. (Id. at ¶¶ 27, 28.) As Plaintiff was walking away, in the presence of Khiren, the mother stated, "You're lucky my brother isn't here because he'd. . . ." (Id. at ¶ 29.) The mother recorded Plaintiff walking to his car and driving away. (Id. at ¶ 30.)

A short time later, Plaintiff received a reply to the email that stated, "Location." (Id. at ¶ 31.) Plaintiff called Ms. Browns leaving multiple voice mail messages regarding the exchange. (Id. at ¶ 32.)

On April 5, 2021, Plaintiff emailed Khiren's mother that he was going to file for

4

emergency custody of the child. (Id. at ¶ 33.) Plaintiff subsequently called Ms. Browns to inform her of the events that had occurred during the exchange and that he did not want to proceed with the proposed terms of visitation. (Id.) Ms. Browns told Plaintiff that they had an agreement and he questioned her on why she did not know Khiren's address. (Id.) Ms. Browns told him she was not aware of Khiren's address and Plaintiff told her that he was going to file an ex parte motion with the court. (Id.) Ms. Browns told Plaintiff to file his motion and they would see what the judge says. (Id.)

On this same date, Khiren's mother emailed Plaintiff asking him to help pay for extra activity, dental care, therapy, a tutor, or to plan a summer trip with Khiren so he could benefit and help develop their son. (Id. at ¶ 35.) She also stated that that is not what interests Plaintiff and that was clear to everyone. (Id.)

The court has not provided a remedy for Plaintiff; he has not had contact with Khiren's mother, Ms. Browns, or Khiren; and the mother has made financial demands by email stating, "Another payment coming to you that I would like to use for Kiren's Therapy. Can you pay the therapist directly with the payment you will be getting this Friday?" (Id. at ¶¶ 36, 37, 40.) Ms. Browns had sent a letter in November 2020 requesting the therapist's contact information if counseling had been ordered for Khiren. (Id. at ¶ 40.) The mother has not provided proof of a therapist or counselor to the court, Ms. Browns, or Plaintiff. (Id.)

Plaintiff assert claims of violation of oath of office pursuant to 5 U.S.C. § 3331 and 28 U.S.C. § 544, discrimination because he and Khiren are African American and state law claims of negligence, intentional affliction of emotional distress, and breach of contract. (Id., pp. 17-20.)

For the reasons discussed below, Plaintiff has failed to state a claim for a violation of his federal rights. Plaintiff shall be provided with the legal standards that apply to his claims and provided with the opportunity to file an amended complaint to correct the deficiencies at issue.

## III.

## DISCUSSION

Plaintiff's complaint is replete with citations to constitutional amendments, statutory

citations, and case law but fails to specifically bring any federal claim other than violation of oath of office under 5 U.S.C. § 3331 and 28 U.S.C. § 544 and discrimination. Although it appears that Plaintiff may also be attempting to bring the claims against Ms. Browns. The Court will not address every citation in the complaint but only those statutory or constitutional citations that appear applicable.

### A. Jurisdiction

Plaintiff states that one of the basis of jurisdiction in this action is diversity of citizenship. (Compl., p. 3.) Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

Here, Plaintiff alleges that he is a citizen of California and he is bringing this action against Defendant Guerra who is a judge for the Superior Court of California, Fresno County. An individual's domicile is determined by "physical presence at a given location and an intent to remain there indefinitely." Lew v. Moss, 797 F.2d 747, 752 (9th Cir. 1986). Defendant Guerra would reasonably be a citizen of California.

Plaintiff also names the County of Fresno as a defendant in this action. For the purposes of diversity, the County of Fresno is a citizen of the State of California. Moor v. Alameda Cty., 411 U.S. 693, 717 (1973) see also Lewis v. AT&T, Inc., No. 2:20-CV-461-KJM-EFB PS, 2020 WL 3642360, at *2 (E.D. Cal. July 6, 2020) (county agencies are citizens of State for purpose of diversity of citizenship); 147 A.L.R. 786 (originally published in 1943) ("Counties have been recognized as corporations, and as such citizens, for the purpose of suits based on diverse citizenship in the Federal court.")

Since Plaintiff and the named defendants are all citizens of California, diversity of

1 | citizenship does not exist in this action.

2 | Jurisdiction in this action must therefore be based on a federal question. Pursuant to 28 U.S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

**B.  Section 1983**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

  1.  <u>Ms. Browns is not acting under color of state law</u>

To the extent that Plaintiff seeks to bring this action against his child's court appointed counsel, she is not acting under color of state law in representing Khiren. It is well established that court appointed attorneys are not acting under color of state law for § 1983 purposes but rather act as an advocate for their client. Polk v. Dodson, 454 U.S. 312, 325 (1981) (a court appointed attorney representing an indigent client does not act under color of state law when performing the traditional functions of a lawyer); Miranda v. Clark County of Nevada, 319 F.3d

465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of § 1983 in representing plaintiff's interests); Walters v. Mason, No. 215CV0822KJMCMKP, 2017 WL 6344319, at *2–3 (E.D. Cal. Dec. 12, 2017); Forte v. Merced Cty., No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13, 2016), report and recommendation adopted, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016); Torres v. Saba, No. 16-CV-06607-SI, 2017 WL 86020, at *3–4 (N.D. Cal. Jan. 10, 2017) ("A public defender does not act under color of state law, an essential element of a claim under § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments."); Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980) (court appointed attorney representing plaintiff in involuntary commitment proceedings is not a state actor); Harkins v. Eldredge, 505 F.2d 802, 805 (8th Cir. 1974) (the conduct of an attorney, whether retained or appointed, does not constitute action under color of state law).

Here, the actions complained of are clearly related to Ms. Browns actions on behalf of her client in the capacity of representing him in the state court action. Ms. Browns is not a state actor and Plaintiff cannot state a claim against her under section 1983.

2. Equal Protection

Plaintiff brings a discrimination claim based on the fact that he and the minor are both African America. The Court construes this as an equal protection claim. There are two ways for a plaintiff to state an equal protection claim. A plaintiff can state a claim for violation of the Equal Protection Clause, by showing "that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). Intentional in this context means that the defendant acted, at least in part, because of the plaintiff's membership in a protected class. Serrano, 345 F.3d at 1082. Alternately, the plaintiff can state a claim by alleging that he was intentionally treated differently than similarly situated individuals and there was no rational basis for the difference in treatment. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Here, Plaintiff alleges that he and Khiren are African American, a protected status, and that the acts of Defendant Guerra and Browns are intentional discrimination. However, Plaintiff's conclusory allegations of discrimination are not entitled to a presumption of truth and there are no facts alleged in the complaint by which the Court can reasonably infer discriminatory intent by any named defendant. Iqbal, 556 U.S. at 678.

**C.     Section 1986**

Section 1985 prohibits private individuals from conspiring to deprive another person of their civil rights. Griffin v. Breckenridge, 403 U.S. 88, 96 (1971). The section applicable here would be 1985(3) which protects against conspiracies to deprive a person from equal protection of the law. 42 U.S.C. § 1985(3). "The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1141 (9th Cir. 2000).

To state a claim under section 1985(3), a plaintiff allege sufficient facts to show "deprivation of a right motved by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions.'" RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002) (quoting Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992)). The Ninth Circuit requires "either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." Sever, 978 F.2d at 1536. "The conspiracy . . . must aim at a deprivation of the equal enjoyment of rights secured by the law to all." Orin v. Barclay, 272 F.3d 1207, 1217 (9th Cir. 2001) (quoting Griffin, 403 U.S. at 102) (emphasis omitted). Section 42 U.S.C. § 1986 provides a cause of action for damages for violation of section 1985. I.H. by & through Hunter v. Oakland Sch. for Arts, 234 F.Supp.3d 987, 994 (N.D. Cal. 2017); Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985).

There are no facts alleged in the complaint that would implicate the existence of a conspiracy. Further, there are no facts alleged to demonstrate any racial or other class based

discriminatory animus. Rather the acts alleged in the complaint demonstrate that the claims here are based on Plaintiff's dispute over the custody of his minor son and the court's adjudication of the issue. Plaintiff has failed to state a claim under section 1985.

### D. There is No Private Right of Action for a Violation of Oath of Office

Plaintiff argues that Defendant Guerra and Ms. Browns took an oath to uphold and honor the United States Constitution and execute their duties faithfully and have not done so because they are not acting in the child's best interest, gathering evidence that bears on the child's best interest, and presenting the child's wishes to the court. (Compl. at ¶ 44.) Plaintiff contends that Defendant Guerra and Ms. Browns violated their oath of office by failing to act in the child's best interest and knew that Khiren wishes to return home to Plaintiff and failed to take immediate and appropriate corrective measures. (Id. at ¶ 95.)

The oath of office is set forth at 5 U.S.C. § 3331.

> An individual, except the President, elected or appointed to an office of honor or profit in the civil service or uniformed services, shall take the following oath: "I, AB, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God." This section does not affect other oaths required by law.

Pursuant to 28 U.S.C. § 544, "[e]ach United States attorney, assistant United States attorney, and attorney appointed under section 543 of this title, before taking office, shall take an oath to execute faithfully his duties. However, based on the allegations in the complaint, section 544 is inapplicable in this action. Neither Defendant Guerra nor the minor's counsel Ms. Browns would reasonably be held to be a United States attorney, assistant United States attorney or a special attorney appointed by the Attorney General. Rather, Defendant Guerra is a state court judge and Ms. Browns is an attorney representing litigants in state court. The term attorney for the government in the federal rules does not include attorneys for state and local governments. Definition of Terms, 1 Fed. Prac. & Proc. Crim. § 23 (4th ed.).

Further, courts have found that there is no private right of action for plaintiff to enforce an alleged of violation of the oath of office. Eleson v. Lizarraga, No. 2:19-CV-0112 KJN P,

2019 WL 4166799, at *5 (E.D. Cal. Sept. 3, 2019), appeal dismissed, No. 19-17435, 2019 WL 8128252 (9th Cir. Dec. 17, 2019); Smith v. United States, 2013 WL 2154004, at *1 (D. Mass. May 15, 2013) (finding that 5 U.S.C. §§ 3331 and 3332 do not "give rise to a private right of action in a civil context"); Gudgel v. Cty. of Okanogan, No. CV-12-108-RHW, 2012 WL 3637431, at *4 (E.D. Wash. Aug. 22, 2012) (recognizing that no private right of action exists under 5 U.S.C. § 3331). Plaintiff cannot bring a claim for violation of the oath of office.

### E. Judicial Immunity

Plaintiff brings this claim against Defendant Guerra who is a state court judge presiding over his case in family court. Absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)). This judicial immunity insulates judges from suits brought under section 1983. Olsen, 363 F.3d at 923.

Absolute judicial immunity insulates the judge from actions for damages due to judicial acts taken within the jurisdiction of the judge's court. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.' " Id. (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)). However, a judge is not immune where he acts in the clear absence of jurisdiction or for acts that are not judicial in nature. Ashelman, 793 F.2d at 1075. Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted with clear lack of all subject matter jurisdiction." Stone v. Baum, 409 F.Supp.2d 1164, 1174 (D. Ariz. 2005).

To determine if an act is judicial in nature, the court considers whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy

11

centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001) (quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999)).

Here, Plaintiff is clearly bringing suit against Defendant Guerra for actions taken in her judicial capacity over which she has jurisdiction. Plaintiff is challenging custody determinations and disagrees that the custody findings have been in the best interest of the minor. Defendant Guerra is entitled to absolute immunity for these clearly judicial actions taken during the course of the state action. Plaintiff cannot bring a claim against Defendant Guerra based on her handling of or rulings made in the state court proceeding.

### F. There is No Private Right of Action Under Title 18

To the extent that Plaintiff also alleges violation of 18 U.S.C. §§ 242, 245, 1918, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (quoting Cannon v. University of Chicago, 441 U.S. 677, 688 (1979). Rather, the court is to consider if Congress intended to create the private right of action in the statute and begins with the language of the statute itself. Touche Ross & Co., 442 U.S. at 568. "Civil causes of action ... do not generally lie under the criminal statutes contained in Title 18 of the United States Code." Del Elmer; Zachay v. Metzger, 967 F. Supp. 398, 403 (S.D. Cal. 1997).

Here, the sections cited under Title 18 provide for fines and incarceration for criminal offenses and do not set forth a private cause of action nor is there any language that would imply that a cause of action exists to allow Plaintiff to seek a remedy for these criminal statutes in this action.[2]

### G. Municipal Liability

Plaintiff also brings this action against the County of Fresno. A local government unit

---

[2] Plaintiff also alleges a violation of 18 U.S.C. § 3524 which provides that the Attorney General cannot relocate any child in connection with any person under witness protection. However, this section is inapplicable in the instant case. Similarly, Plaintiff cites to 25 C.F.R. § 11.448 which applies to areas of Indian country and is inapplicable here.

may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). A municipality can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. Monell, 436 U.S. at 694.

Generally, to establish municipal liability, the plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, and the policy was "the moving force" behind the constitutional violation. Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 400 (1997); Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002). "The custom or policy must be a 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1075 (9th Cir. 2016) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)). The deliberate indifference standard for municipalities is an objective inquiry. Castro, 833 F.3d at 1076.

"A plaintiff may . . . establish municipal liability by demonstrating that (1) the constitutional tort was the result of a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity;' (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & County of San Francisco, 308 F.3d 968, 984–85 (9th Cir. 2002)).

A plaintiff seeking to impose liability upon a municipality is required to identify the policy or custom that caused the constitutional injury. Bd. of Cty. Comm'rs of Bryan Cty., Okl., 520 U.S. at 403. A municipality may only be held liable for those deprivations that result "from

the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Id. at 403–04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Id. at 404.

The complaint is devoid of any factual allegations to demonstrate a policy or custom that violated Plaintiff's federal rights. Plaintiff has not set forth any policy or custom nor has he stated a claim for a violation of his federal rights. Rather, here, Plaintiff is seeking to bring suit against the judge handling his child's custody and support issues. Plaintiff has failed to state a claim against Fresno County.

### H. State Law Claims

Plaintiff also alleges violations of California law. The California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 32 Cal.4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." Bodde, 32 Cal.4th at 1239.

As Plaintiff has not alleged compliance with the Government Claims Act, he has failed to state a claim under California law.

## IV.

## CONCLUSION AND ORDER

Plaintiff has failed to state a cognizable claim for a violation of his federal rights in this action. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies

14

identified in this order. See Lopez, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
2. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length and must be double spaced using font similar to the instant order; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **May 27, 2021**

UNITED STATES MAGISTRATE JUDGE